UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:
ANTHONY RODRIGUEZ, DAWN RODRIGUEZ,

        Debtor.
_____

TOYOTA MOTOR CREDIT CORPORATION,

        Appellant,

vs.                             Case No. 2:10-cv-57-FtM-29
                                 Bankr. No. 9:08-bk-11495-ALP

ANTHONY RODRIGUEZ, DAWN RODRIGUEZ,
JON WAAGE,

        Appellees.
_____

## **OPINION AND ORDER**

This matter comes before the Court on an appeal from the Bankruptcy Court's Order Sustaining Debtor's Objection to Claim #20-1 Toyota Motor Credit Corporation (Doc. #1-2)[1] (the Order). On February 15, 2010, appellant filed a timely Principal Brief (Doc. #3) and on April 14, 2010, appellees filed a Reply Brief (Doc. #5). After examination of the briefs and record, the Court finds that the decisional process would not be significantly aided by oral argument. For the reasons stated below, the Order is affirmed.

---

[1]The Court will hereinafter cite documents filed with the District Court as "Doc." and documents filed in the Bankruptcy case as "Bankr. Doc." Copies of the relevant documents are included in the record transmitted by the Bankruptcy Court, the parties on appeal, or otherwise available through PACER.

**I.**

The United States District Court functions as an appellate court in reviewing decisions of the United States Bankruptcy Court. In re Colortex Indus., 19 F.3d 1371, 1374 (11th Cir. 1994). The legal conclusions of the bankruptcy court are reviewed *de novo*, while findings of fact are reviewed for clear error. In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009). A finding of fact is not clearly erroneous unless the reviewing court on the entire record is left with the definite and firm conviction that the court erred. In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008)(citing Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). Equitable determinations by the Bankruptcy Court are reviewed under an abuse of discretion standard. In re Kingsley, 518 F.3d 874, 877 (11th Cir. 2008)(citing In re Gen. Dev. Corp., 84 F.3d 1364, 1367 (11th Cir. 1996)). The decision of a Bankruptcy Court to disallow the amendment of a proof of claim is also reviewed under an abuse of discretion standard. In re Int'l Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985).

**II.**

On July 31, 2008, debtors Anthony Rodriguez and Dawn Rodriguez (appellees or debtors) filed a Chapter 13 Voluntary Petition with appropriate schedules. Schedule G listed an unexpired lease on a 2006 Lexus GS 300 (the Lexus). Debtors' Plan, Amended Plan, and

Second Amended Plan all rejected the lease for the Lexus and agreed to surrender the vehicle.

On September 18, 2008, Toyota Motor Credit Corporation (Toyota or appellant) filed a timely unsecured Proof of Claim in the amount of $5,601.01. Toyota's Proof of Claim stated: "Represents lease payoff at time of filing; Vehicle has been surrendered; [Toyota] will amend claim after the sale of the vehicle to reflect actual deficiency." (Doc. #1-5.)

On November 25, 2008, Toyota filed a Motion to Lift Automatic Stay (Lease Rejected in Amended Plan). (Bankr. Doc. #43.) The motion indicates that Toyota estimated the value of the Lexus at $31,325.00. The supporting Affidavit states that debtor owed $30,755.62 on the Lexus, plus attorney fees of $525.00, and late charges of $116.65, for a total of $31,966.65, and that Toyota estimated the value of the Lexus to be $31,325.00. (Bankr. Doc. #44.) The motion was granted for the sole purpose of proceeding *in rem* against the Lexus. (Bankr. Doc. #45.)

On January 29, 2009, Toyota filed an amended Proof of Claim in the amount to $12,034.14, which it asserted was the deficiency balance related to the lease. The attached loan record merely states that the loan balance was $12,034.12 without giving any further explanation. (Doc. #1-6.)

On August 4, 2009, debtors filed an Objection (Doc. #1-16) to this claim, alleging it was filed after the deadline to file

claims.  Toyota filed a Response asserting that the new claim was filed as an amendment to the original, timely claim in order to adjust the balance due to the sale of the vehicle.  The amended claim was timely, Toyota asserted, because it related back to the original claim, which had been timely filed (Doc. #1-17).

At a November 5, 2009, Hearing, (Bankr. Doc. #116)[2], the parties agreed that there was an original timely unsecured claim of $5,601 filed by Toyota, and that while the original proof of claim contained a reservation of the right to amend, the amendment was not filed until after the bar date. (Id. at pp. 3-6.)  Toyota noted that the amendment was made for the actual deficiency after the vehicle was liquidated, and asserted that Toyota could "amend a claim at any time."  (Id. at pp. 6-7.)  The Bankruptcy Court disagreed, found the amended amount was more than double the original amount and was overly prejudicial, and sustained the debtors' objection.  (Id. at pp. 7-8.)

On December 3, 2009, the Bankruptcy Court filed an Order Sustaining Debtor's Objection to Claim #20-1 Toyota Motor Credit Corporation.  (Bankr. Doc. #106.)   This Order stated that the claim was an attempt to amend the original claim, was untimely filed, and was unfairly prejudicial to debtor.  On January 27,

---

[2]The November 5, 2009 Hearing transcript was designated by appellant (Doc. #1-3) but not transmitted for filing on appeal. The Clerk will be directed to file the transcript herein.

2010, the Bankruptcy Court entered an Order Confirming Chapter 13 Plan (Bankr. Doc. #130).[3]

### III.

Toyota, recognizing that an amendment to a proof of claim is a matter of discretion, argues that the Bankruptcy Court abused its discretion in failing to allow it to file an amended proof of claim. Thus abuse was the result, Toyota argues, of errors of substantive law regarding the amendment to the proof of claim. An error of law would indeed constitute an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); Green v. Jefferson County Comm'n, 563 F.3d 1243, 1248 (11th Cir. 2009). The Court, however, finds no such error.

A proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If such an objection to the claim is made, the Bankruptcy Court, after notice and a hearing, determines the amount of such claim as of the date of the filing of the bankruptcy petition and allows that amount, 11 U.S.C. § 502(b), unless proof of the claim was not timely filed, 11 U.S.C. § 502(b)(9). Under Federal Rule of Bankruptcy Procedure Rule 3002(c)(4), a proof of claim arising from the rejection of

---

[3] The Court does not find that the appeal has been rendered moot by appellant's failure to seek a stay in Bankruptcy Court, or by the January 2010 confirmation of the plan. The appeal was filed prior to confirmation, issues on appeal were not decided within the confirmation order, the plan has not yet been substantially consummated, and the plan can be amended. In re Seidler, 44 F.3d 945, 948-49 (11th Cir. 1995); In re Winn-Dixie Store, Inc., 286 Fed. Appx. 619, 623 (11th Cir. 2008).

unexpired lease "may be filed within such time as the court may direct." Here, the Bankruptcy Court ordered claims to be filed by December 10, 2008. Toyota's original $5,601.01 claim was timely filed; Toyota's $12,034.14 amendment was not.

A creditor need not timely file a "letter perfect" proof of claim before the expiration of the time fixed by the court for the filing of such a claim. In re South Atl. Fin. Corp., 767 F.2d 814, 819 (11th Cir. 1985). As summarized in In re Int'l Horizons, Inc.:

> It is well accepted that the bankruptcy court is guided by the principles of equity, and that the court will act to assure that fraud will not prevail, that substance will not give way to form, that technical considerations will not prevent substantial justice from being done. [ ] Thus in a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim. [ ] Still, the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment.

In re Int'l Horizons, Inc., 751 F.2d 1213, 1216 (11th Cir. 1985)(internal quotations and citations omitted).

Toyota attempts to convert the Bankruptcy Court's discussion at the hearing to three erroneous statements of law. The record does not support such an attempt. The Bankruptcy Court clearly understood its obligation to subject such post-bar date amendments to careful scrutiny and its discretion, concluding that under the circumstances of this case the late amendment unduly prejudiced the debtors. The Order sustaining the objection clearly states the

court's finding, and Toyota as failed to establish any legal error by simply referring to the Court's discussions with counsel.

Additionally, there was no abuse of discretion under the balancing of the equities. While Toyota states that the "amendment to its claim functioned merely to describe its claim with greater particularity by quantifying the claim in a more precise amount, which could be determined only after liquidation of the collateral," (Doc. #3, p. 5), the amended claim did not "describe its claim with greater particularity." It simply increased the amount by more than double without providing any record at all as to the liquidation of the vehicle or the other charges. Toyota failed to seek an extension of the bar date, which at some point would have become apparent because of the time it was taking to determine a deficiency amount. See, e.g., In re Brooks, 407 B.R. 429, 433 (Bankr. M.D. Fla. 2009)("the creditor should file a motion to value the collateral and obtain an order determining the amount of deficiency based on Section 506(a) of the Code."). While Toyota argues that Int'l Horizons misstated the test (Doc. #3, p. 7), this Court must follow the law as articulated by the Eleventh Circuit.

Toyota argues that In re Winters, 380 B.R. 855 (Bankr. M.D. Fla. 2007) presents similar facts to this case, reached the opposite conclusion, and that it should be followed to allow the amended claim. In re Winters is clearly distinguishable because it involved a secured claim, with an unsecured amended claim for the deficiency, on a purchase money security interest, for an amount

less than the secured claim amount.  In this case, Toyota is an unsecured creditor, that filed a second unsecured claim for a "deficiency" on a closed end motor vehicle lease[4], for more than double the original amount of the "payoff."  See, e.g., Mitchell v. Ford Motor Credit Co., ___ F. Supp.2d ___, 2010 WL 1258139 (M.D. Fla. Mar. 29, 2010)(finding amount for early termination assessment unreasonable under the Consumer Leasing Act and the specific facts of the case because assessment was greater than the amount owed had the lease gone full term).

Toyota does not state, and the record does not reflect, whether the of the $33,953.00 total payments on the lease before filing their voluntary petition in bankruptcy court. (See Doc. #1-5, p. 2.)  The balancing of equitable considerations do not weigh in favor of Toyota.  No defect was cured by the amendment, Toyota did not plead with greater particularity by increasing the unsecured claim, and the Bankruptcy Court did not err in finding that the untimely claim would be highly prejudicial.

---

[4]"A closed-end lease is a lease in which the lessee is not responsible for the difference if the actual value of the vehicle at the scheduled end of the lease is less than the residual value, but the lessee may be responsible for excess wear and excess mileage charges and for other lease requirements. . . . The residual value of a vehicle is the projected value of the vehicle at the end of the lease that is assigned at the beginning of the lease." Higginbotham v. Ford Motor Credit Co., 270 Fed. Appx. 864, 865 n.1 (11th Cir. 2008)(quoting Miller v. Nissan Motor Acceptance Corp., 362 F.3d 209, 212 n.2 (3d Cir. 2004)(internal citations and quotation marks omitted)).

The argument that the Bankruptcy Court denied the amendment to the original unsecured claim pursuant to FED. R. BANKR. P. 7015 is unsupported by the record.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Clerk shall file a copy of the November 5, 2009 Hearing transcript on the appellate docket.

2. The Bankruptcy Court's Order Sustaining Debtor's Objection to Claim #20-1 Toyota Motor Credit Corporation (Doc. #1-2) is **affirmed**.

2. The Clerk shall enter judgment accordingly, transmit a copy of this Opinion and Order and the Judgment to the Clerk of the Bankruptcy Court, terminate the appeal, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___3rd___ day of May, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Clerk, U.S. Bankruptcy Court
Hon. Alexander L. Paskay
Counsel of record